UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MERVIN ROY,<br>    Appellant | CIVIL ACTION<br>NO. CV08-1735 |
| VERSUS | |
| MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br>    Appellee | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is an appeal filed by Mervin Roy ("Roy") on November 18, 2008, from the final decision of the Commissioner of Social Security denying his September 26, 2003, application for Supplemental Security Income benefits. Two hearings have already been held in this case over the past 6 years.[1]

The Commissioner of Social Security filed an unopposed motion for remand pursuant to 42 U.S.C. § 405(g) on June 11, 2009 (Doc. Item 10). The stated purpose of the remand is for further proceedings in order for the ALJ to comply with the Hearings,

---

[1] Roy filed an application for SSI on September 26, 2003, alleging he became unable to work on August 1, 1991 (Tr. p. 88). Roy's application was denied initially (November 7, 2003, Tr. p. 68) and on reconsideration (December 29, 2003, Tr. p. 62). Roy requested a hearing on February 5, 2004 (Tr. p. 59), which was held on July 6, 2005 (Tr. p. 278). The ALJ denied Roy's application on March 30, 2006 (Tr. p. 253), but the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ on June 28, 2006 (Tr. p. 265). Roy's second hearing was held on June 10, 2008 (Tr. p. 311), and his application was again denied by the ALJ on July 7, 2008 (Tr. p. 10) and by the Appeals Council on September 19, 2008 (Tr. p. 4). This appeal before this court was filed on November 18, 2008.

Appeals, and Litigation Law Manual procedures pertaining to subpoenas, and to comply with all of the Appeals Council's June 28, 2006, remand orders.

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."
>
> "[6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

The Commissioner is requesting a fourth sentence remand. The Commissioner's proposed final judgment specifically states the case will be remanded to the Commissioner "for further administrative action" and that "any additional or modified findings and a transcript of further proceedings by the Commissioner shall be filed as part of this action."

The Commissioner's motion to remand is properly within the scope of sentence four because he is acknowledging, specifically and implicitly, that Roy's appeal is well-taken, Roy's right to due process in his administrative proceedings was violated, Roy's residual functional capacity was not correctly evaluated, and the Commissioner's final decision is erroneous and is not supported by substantial evidence.

Accordingly, the Commissioner's unopposed motion for a fourth sentence remand should be granted.

## Order

IT IS RECOMMENDED that Roy's appeal be GRANTED, the final decision of the Commissioner be REVERSED AND VACATED, the Commissioner's motion for remand (Doc. 10) be GRANTED, and the case be REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security for the purpose of conducting additional proceedings (including a hearing) which comply with the Hearings, Appeals, and Litigation Law Manual procedures pertaining to subpoenas, as well as all of the

3

provisions in the Appeal Council's remand order dated June 28, 2006, and to issue new findings and a new decision.

IT IS FURTHER RECOMMENDED that the new proceedings on remand be ordered conducted in an expedited manner.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 11th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE